ARKANSAS FUEL OIL COMPANY *v.* STATE EX REL. ATTORNEY GENERAL.

Opinion delivered December 23, 1929.

*Trieber & Lasley,* for appellant.

*Hal L. Norwood,* Attorney General, and *George Vaughan,* for appellee.

BUTLER, J. This is the second appeal in this case. The State had sought to collect back taxes on the oil and gas leases of the Arkansas Fuel Oil Company for the years 1924, 1925 and 1926, to which the defense was made that the leases and rights thereunder were not subject to taxation separate from the fee in the lands for either of said years, and that all of said leases and rights were assessed and taxes for each of said years paid as part and parcel of and as entered into the value of the fee of the lands covered thereby, and that no property right or interest in and to the oil and gas *in situ* in the lands covered thereby passed to the lessee, and there was no such separation of the title to the mineral rights in the fee simple as to authorize a separate assessment, the only rights under the leases being incorporeal hereditaments taxable only in the domicile of the oil company. The further defense was made that the taxing authorities acquiesced in, and never opposed or corrected, the assessments made by the county and township assessing officers, and they refused to assess separately from the fee the leasehold interests, and the Attorney General has given an opinion to the effect that the leases were not taxable separately from the land, and, following the opinion of the Attorney General and the instructions of the taxing authorities, the county and township officers intentionally and systematically failed and neglected and refused to separately assess the leases from the fee in the land.

The State interposed a demurrer to this defense, which was overruled by the trial court, and judgment was entered in conformity with the prayer of the oil company.

On appeal to this court the decree of the court below was reversed, and the cause remanded with directions to sustain the demurrer, and to take such further proceedings as necessary to a determination of the issues in the case not inconsistent with the opinion. *State ex rel. Attorney General* v. *Arkansas Fuel Oil Co.*, 179 Ark. 848. On remand, the plaintiff amended its complaint to include the taxes of 1927 and 1928, so that, as amended, the complaint alleged that the taxes for the years 1924 to 1928, both inclusive, were due and unpaid, and prayed for the determination of the amount of the overdue taxes due the State and its several subdivisions on account of said leases for said years, and for judgment therefor.

The appellant, in its answer to the amended complaint, admitted that the leases involved were not assessed or taxed in any form for the years in question, and amended its answer by reciting the history of the discovery and development of oil and gas in this State, and that oil and gas leases from the beginning of the industry until the present time are of the same tenor and effect as the form of the leases involved in this suit, and that the State Tax Commission, during all the years named, was vested with general and complete jurisdiction which it exercised to supervise the assessment and collection of all taxes, and that during said years the Commission and township and county assessors were vested with power to assess all property subject to taxation; that, before the opening of the Union County oil field, there was no fixed policy on the part of the taxing authorities with respect to the taxation of oil and gas leases, and in fact no such leases were ever separately assessed for taxes and no taxes paid thereon; that the county assessor of Union County, in which these leases are situate, acting upon the advice of the prosecuting attorney, the Attorney General, the Arkansas Tax Commission and the decisions of this court in former cases, specifically named in the answer, during all the years involved, intentionally and continuously and uniformly failed and refused to assess for taxation, separate from

the fee in the lands, all oil and gas leases, even in instances where the owners tendered the same for separate assessment, and, as a result, oil and gas leases in Arkansas have entirely escaped taxation for each of the years involved in this suit, irrespective of whether they were or are owned by corporations or others; that during these years from thirty to fifty per cent. of all oil and gas produced in Arkansas came from leases not corporately owned; that the only oil and gas leases on which back or overdue taxes can be collected are those which were corporately owned when the tax accrued or when suit is filed, and that those not owned by corporations cannot be proceeded against for the collection of back taxes; that all oil and gas leases, whether corporately or individually owned, have for the years mentioned alike escaped taxation and to the same extent, by reason of the intentional, systematic and continuous neglect and failure of the taxing authorities to assess the same currently, and that the enforcement of the back-tax statute in this case, under the facts set forth, will be an intentional and systematic violation of the principles of uniformity in taxation, and will result in intentional and unjust discrimination against the appellant's leases and those owned by other corporations during said years in favor of leases of like form, tenor and effect not corporately owned, and will be an arbitrary classification of oil and gas leases for the purpose of taxation as between the owners thereof which are corporations and those who are not, in violation of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.

We can see no essential difference in the allegations of the amended answer and those of the answer under consideration by this court in *State ex rel. Attorney General* v. *Arkansas Fuel Co.,* 179 Ark. 843. There the allegation was made, as here, that the township officers, acting upon the advice of the Attorney General and the instructions of the taxing authorities, system-

atically failed and refused to list, value and; return, separately from the fee in the lands for the purpose of taxation, any of said leases or rights thereunder. In that case the court said:

"It is * * * contended, however, that the statute is unconstitutional because it permits the collection of back taxes on corporately owned oil and gas leases, and intentionally exempts property owned by individuals. As to the statute authorizing the levy and collectiòn of taxes from oil and gas leases there is no discrimination. * * * The statute authorizes the assessment and collection of taxes on leases, whether owned by individuals or corporations.

"But it is contended that the statute violates § 5 of article 16 of the Constitution of the State of Arkansas and the equal protection clause of the 14th Amendment to the Constitution of the United States. We cannot agree with appellee in this contention. * * * And as to the statute authorizing suits for back taxes, we call attention to the following case, which settles the question against appellee's contention: *White River Lumber Co.* v. *State*, 175 Ark. 956, 2 S. W. (2d) 25. In that case the court said: 'In upholding the right of the State to sue for these back taxes, it was stated by Mr. Justice HOLMES, speaking for the court, that it was within the power of the State, so far as the Constitution of the United States is concerned, to tax its own corporations in respect to the stock held by them in other domestic corporations, although unincorporated stockholders are exempt from such tax, and that a discrimination between corporations and individuals in regard to such a tax could not be pronounced arbitrary, although the precise ground of policy which led to the distinction did not appear.' It was there further said: 'The same is true with regard to confining the recovery of back taxes to those due from corporations. It is to be presumed, until the contrary appears, that there were reasons for more strenuous efforts to collect admitted dues from corpora-

tions than in other cases, and we cannot pronounce it an unlawful policy on the part of the State.' "

As the amended complaint did not change the issues between the parties in so far as it related to the construction of the leases in question, the appellant is concluded by the holding of this court in *State ex rel Attorney General* v. *Arkansas Fuel Oil Co., supra.* The rule that the decision of an appellate court is controlling upon the court below after the case has been remanded and is equally controlling of the appellate court on the second appeal is so universal, and has been so many times declared by this court that the citation of authorities is deemed unnecessary.

It follows, therefore, that the decree of the court below must be affirmed. It is so ordered.